**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERREL JONES, | No. 12-35343 |
| Petitioner - Appellant, | D.C. No. 2:11-cv-00947-RSL |
| v. | |
| STATE OF WASHINGTON, | MEMORANDUM* |
| Respondent, | |
| and | |
| STEPHEN SINCLAIR, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted November 5, 2013
Seattle, Washington

Before: KOZINSKI, Chief Judge, and PAEZ and BERZON, Circuit Judges.

---

      \*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court granted Jones "a certificate of appealability for Claim 1 (ineffective assistance of counsel) and Claim 9 (involuntary/unintelligent guilty plea) insomuch as those claims are based on the possible discrepancy between petitioner's factual admission to assaulting the 14-year-old T.P. and his conviction for assaulting the 9 year-old A.P." We conclude that Jones is not entitled to habeas relief for the certified claims, or for the additional uncertified claims that he raised in his briefing.

**1.** The state court's resolution of Jones's claim that his guilty plea to Count VII was unknowing, unintelligent, and involuntary was not contrary to, or an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented to that court. 28 U.S.C. § 2254(d). Jones signed a document attesting that he had received, and reviewed with his attorney, a copy of the second amended information, which specified that A.P. was the victim of the crime charged as Count VII. Jones then agreed to plead guilty to Count VII as charged in the second amended information.

Further, during Jones's change of plea hearing, the trial court explained to Jones the nature of the charges against him, and Jones confirmed that he understood the charges and the elements that the State would have to prove to

2

convict him of these crimes. Jones also stated that he was entering into his plea freely and voluntarily. Although Jones's written recitation of the factual basis of his plea was altered to admit specifically to the assault of T.P. instead of A.P., in light of the record as a whole, this circumstance does not compel the conclusion that it was unreasonable for the state court to conclude that his plea was knowing, intelligent, and voluntary.

**2.** Jones also fails to demonstrate that he is entitled to habeas relief under § 2254(d) for his claim that his counsel was ineffective for failing to advise him sufficiently regarding Count VII, and that he was prejudiced as a result. As discussed above, Jones has not shown that it was unreasonable to conclude that his attorney advised him sufficiently that this count charged assault of A.P. In addition, if the plea agreement were changed so that Jones had admitted to Count VIII for assault of T.P., instead of Count VII, the sentence that he faced would have been the same, because his sentence terms were to run concurrently, and the standard sentencing range for each of these charges is shorter than the range for the first-degree kidnapping charge to which Jones also plead guilty.

Further, although Jones now contends that he was prejudiced, because, but for counsel's purported deficient performance, he would not have pled guilty and would have rejected the plea agreement, this assertion is belied by the record. In

3

the state Supreme Court, Jones specifically stated that he did "not seek withdrawal of his plea."  Instead, he sought partial or full dismissal of the charges.

**3.**  On his remaining claims, which were not included in the district court's certificate of appealability, Jones has not made a substantial showing of the denial of a constitutional right, and thus we decline to expand the certificate of appealability.  We therefore do not address the uncertified claims.

**AFFIRMED.**